UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00263-FDW-DCK

| | | |
|---|---|---|
| THOMASINA COFIELD GEAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOARD OF EDUCATION CHARLOTTE | ) | |
| MECKLENBURG SCHOOLS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 4),

pursuant to Fed. R. Civ. P. 12(b)(5) for a lack of proper service and Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted. This matter has been fully briefed,

(Doc. Nos. 4, 5, 6, 10), and is ripe for ruling. For the reasons set forth below, Defendant's

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED WITH PREJUDICE**, but

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is **DENIED AS MOOT.**

Plaintiff is also **WARNED** not to make additional frivolous filings in this Court, or sanctions and

a pre-filing injunction may be issued.

## I.    BACKGROUND

On June 24, 2015, Thomasina Gean ("Plaintiff"), appearing *pro se*, initiated an action

with this Court similar to the pending case with the filing of a form "Complaint." See Gean v.

Charlotte Mecklenburg Schools, No. 3:15-CV-275-RJC-DCK, 2017 WL 3405108 (Mar. 3,

2017), adopted, 3:15-CV-275-RJC-DCK, 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017). That

Complaint identified "CMS," "Huntingtowne Farms," and "H.R." as Defendants, and suggested

that Plaintiff had been discriminated against based on her race and/or in retaliation for filing a

Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. Ultimately, the Court dismissed all of Plaintiff's claims in the prior case before the Judge Robert J. Conrad. Gean, 2017 WL 3402963 at *2 ("Because the allegations here are outside the scope of the Charge and Notice of Right to Sue this Court lacks subject matter jurisdiction.").

In August 2018, Plaintiff filed two additional actions which were consolidated and dismissed by this Court with prejudice because the claims in those actions were essentially a refiling of the 2015 lawsuit. This Court concluded that all claims were outside of the scope of the EEOC action and untimely. See Gean v. Charlotte-Mecklenburg Board of Educ., Nos. 3:18-CV-437-RJC-DCK, 3:18- CV-637-RJC-DCK, 2019 WL 5295087 (May 14, 2019), adopted, 3:18-CV-437-RJC-DCK, 2019 WL 3719617 (W.D.N.C. Aug. 7, 2019). On appeal of the 2018 dismissal orders, the United States Court of Appeals for the Fourth Circuit concluded that the district court either lacked subject matter jurisdiction or personal jurisdiction and affirmed the district court's decision as modified to reflect dismissals without prejudice. See Gean v. Charlotte-Mecklenburg Board of Educ., 788 Fed. App'x 190 (4th Cir. 2019).

The now pending case was initiated when Plaintiff filed a Complaint against the Charlotte-Mecklenburg Board of Education ("Defendant") on May 4, 2023. (Doc. No. 1). The entirety of Plaintiff's Complaint states: "I was wrongfully terminated by Charlotte-Mecklenburg Schools. The state of North Carolina unemployment office ruled in my favor. They never called me back to work, also a breach of duty. I have a disability and also received right to sue letters from EEOC." (Doc. No. 1, p. 4).

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss on June 29, 2023. (Doc. No. 4). Defendant argues that Plaintiff's complaint must be dismissed because her claim is barred by a statute of limitation. (Doc. No. 4-1, p. 8). Furthermore, Defendant argues

that the current claim relates to the same allegations and facts from lawsuits filed in 2015 and 2018 because Plaintiff has not worked for Defendant since she was terminated in 2015. (Doc. No. 4-1, p. 8). Defendant asks the Court to take judicial notice of facts from the 2018 litigation. (Doc. No. 4-1, p. 4).

Plaintiff responded to Defendant's Motion to Dismiss on both July 25, 2023, (Doc. No. 6), and on August 8, 2023, (Doc. No. 10). In her responses, Plaintiff argues that her Complaint should not be dismissed because her case was already dismissed from state court. (Doc. No. 6, p. 1). Furthermore, Plaintiff attaches exhibits to her response in order to bolster her character and refute certain factual allegations made by Defendant in their motion to dismiss. (Doc. No. 6, p. 1). Finally, Plaintiff attaches documentation indicating her claim is derived from the previous 2015 and 2018 litigations. (Doc. Nos. 6, 10).

Despite the barebone Complaint, the Court liberally construes the claims in the Complaint to refer to the same disability and discrimination claims litigated in 2015 and 2018. The Court takes this reading because Plaintiff has not worked with Defendant since 2015, and Defendant has not received any new EEOC claims or notices since 2016. (Doc. No. 4-2, p. 1-2). The finding of similar claims is further bolstered when Plaintiff refers to her previous proceedings in her response to the Motion to Dismiss. (Doc. No. 10). Thus, the Court takes judicial notice of the pertinent facts from the 2018 litigation[1]:

> Plaintiff was employed by the Board on March 8, 2005, as a Pre-K Title I
> Assistant. After holding a variety of positions within the District, Plaintiff began
> as a K-3 Teacher Assistant on November 15, 2010 at Huntingtowne Farms

---

[1] On a motion to dismiss, a court may take judicial notice of matters of public record. See Brennan v. Deluxe Corp., 361 F. Supp. 3d 494, 501 (D.Md. 2019) (citing Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). In addition, a court may consider information that constitutes "adjudicative facts" under Federal Rule of Evidence 201. Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 508 (4th Cir. 2015). Rule 201 permits a court to take judicial notice of these adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Elementary School. By letter dated May 18, 2015, the Board informed Plaintiff that her employment had been terminated due to inadequate performance, effective May 18, 2015. By letter dated June 12, 2015, Plaintiff appealed her dismissal. On September 25, 2015, pursuant to North Carolina General Statutes § 115C-45, Plaintiff presented her appeal before a panel of the Board. After considering all documents submitted and oral testimony presented at the hearing, the Board denied Plaintiff's appeal and upheld the Superintendent's decision to dismiss Plaintiff.

On July 1, 2013, Plaintiff filed Charge No. 430-2013-01908 with the EEOC. In her 2013 EEOC Charge, Plaintiff alleged discrimination based on age and retaliation. These allegations were based on a specific instance where Plaintiff's supervisor placed her on a 90-day probation period that followed a below standard performance evaluation. The EEOC was unable to conclude that the information obtained established a violation of the statutes and issued a Dismissal and Notice of Rights letter on January 30, 2014.

On April 15, 2015, Plaintiff filed Charge Number 430-2015-00995 with the EEOC. In this Charge, Plaintiff alleged retaliation based on the 2013 EEOC Charge filed against the Board. Specifically, Plaintiff alleged that "she [was] continually harassed by the Principal and Human Resources" since filing the previous Charge. She also alleged that she [was] "subjected to false accusations from various teachers and staff members," and that "[o]n April 15, 2015, [she] received a written warning from the Principal and a mandatory instruction to attend EAP." Lastly, Plaintiff alleged that her "employer refuse[d] to provide [her] with copies of [her] personnel file," and her "employer listed several fabricated issues on this written warning."

The EEOC issued a Dismissal and Notice of Right to Sue letter on April 24, 2015, at the request of Plaintiff. This Charge purportedly formed the basis of Plaintiff's 2015 lawsuit. On May 26, 2015, Plaintiff filed Charge No. 430-2015-01464 with the EEOC, and Plaintiff filed an amended Charge on June 11, 2015, though she did not add any new allegations. In this Charge, Plaintiff alleged race discrimination and retaliation based on prior charges filed against the Board and the fact that she was terminated. The EEOC was unable to conclude that the information obtained established a violation of the statutes and issued a Dismissal and Notice of Rights letter on January 21, 2016. On June 13, 2016, Plaintiff filed Charge No. 430-2016-01556 with the EEOC. In this Charge, Plaintiff alleged disability discrimination and retaliation, but the underlying facts remained the same as those filed in previous charges. On June 15, 2016, the EEOC issued a Dismissal and Notice of Rights letter stating that her Charge was not timely filed with the EEOC. Plaintiff asked for reconsideration of this decision and was denied on June 22, 2016, as her Charge was untimely and there was nothing to reconsider.

4

See Gean v. Charlotte-Mecklenburg Board of Educ., Nos. 3:18-CV-437-RJC-DCK, 3:18-CV637-RJC-DCK, 2019 WL 5295087 at *4-5 (May 14, 2019) (internal record citations removed), adopted, 3:18-CV-437-RJC-DCK, 2019 WL 3719617 (W.D.N.C. Aug. 7, 2019).

## II.    STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678.

Furthermore, when considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor. Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir. 2017). However, a court need not accept as true any legal conclusions stated by the plaintiff. Iqbal, 556 U.S. at 678.

Finally, when considering a motion to dismiss involving *pro se* parties, courts should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. See Erickson v. Pardus, 551 U.S. 89, 94 (2007), Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. Gordon, 574 F.2d at 1151.

## III.    ANALYSIS

### A.  Failure to State a Claim

In this case, the Court concludes Plaintiff's claims must be dismissed because Plaintiff filed their civil action too late.  Plaintiff's civil action is barred by a statute-of-limitation that prohibits Title VII or Americans with Disabilities Act of 1990 ("ADA") claims bought 90 days

5

after receiving a right-to-sue letter. See Quinn v. Copart of Connecticut, Inc., 791 F. App'x 393, 395 (4th Cir. 2019) ("The 90-day requirement is in the nature of a statute-of-limitations defense."); Angles v. Dollar Tree Stores, Inc. 494 F. App'x 326, 328 (4th Cir. 2012) ("Title VII requires that aggrieved persons file a civil action within 90 days of receiving a right-to-sue letter."); Abria v. Owens-Illinois, No. 1:02-CV-00111, 2003 WL 21297330 (M.D.N.C. June 4, 2003) ("For a claimant to be entitled to relief under both Title VII and the ADA, she must file a civil action within 90 days of receipt of the EEOC's right-to-sue letter. . . Otherwise, a claimant's failure to bring suit within 90 days generally forfeits her right to pursue the claim.").

To the extent Plaintiff's claim relies on the most recent EEOC decision, EEOC Charge 430-2016-1556, or the related "Dismissal And Notice Of Rights," this Court already found in 2019 that such claims were barred because Plaintiff "missed the deadline to file a federal lawsuit based on Charge No. 430-2016-1556 by almost two (2) years." Gean v. Charlotte-Mecklenburg Board of Educ., Nos. 3:18-CV-437-RJC-DCK, 3:18-CV637-RJC-DCK, 2019 WL 5295087 at *6 (May 14, 2019) (internal record citations removed), adopted, 3:18-CV-437-RJC-DCK, 2019 WL 3719617 (W.D.N.C. Aug. 7, 2019). Nearly three years after the 2019 decision, Plaintiff's claims are now almost seven (7) years too late. Therefore, Plaintiff's claims are still barred.

Courts may dismiss claims with prejudice if dismissal without prejudice would be futile. See Mayfield v. United Grocery Outlet, No. 1:22-CV-008-MR-WCM, 2022 WL 2102018, at *4 (W.D.N.C. May 6, 2022). Here, Plaintiff has filed three complaints regarding the same matter without meeting the minimum pleading standards, despite guidance from the Court on each occasion. Furthermore, without a more recent EEOC decision, Plaintiff's claims will continued to be barred by the 90-day statute of limitation. Therefore, dismissal without prejudice would be

futile. Accordingly, Plaintiff's claims pursuant to her employment with Defendant are **DISMISSED WITH PREJUDICE**.

### B. Lack of Proper Service

As explained herein, Plaintiff's complaint cannot survive Defendant's 12(b)(6) Motion to Dismiss. Thus, the Court need not reach the merits of Defendant's 12(b)(5) motion. Therefore, Defendant's Rule 12(b)(5) motion is **MOOT**.

### C. Pre-filing Injunction Warning

Aside from the issue immediately before the Court, the Court also notes that this is not Plaintiff's first frivolous misuse of the federal court system. Plaintiff has brought multiple cases in federal court related to the same subject matter and, to the best of this Court's knowledge, has yet to prevail in a single case. See, e.g., Gean v. Charlotte-Mecklenburg Board of Educ., No. 3:18-CV-437-RJC-DCK, 2019 WL 3719617 (W.D.N.C. Aug. 7, 2019); Gean v. Charlotte Mecklenburg Schools, No. 3:15-CV-275-RJC-DCK, 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017). Accordingly, Plaintiff is **WARNED** that the Court will not tolerate further frivolous filings. Additional frivolous filings may result in sanctions and the issuance of a pre-filing injunction order, a violation of which may include potential jail time for contempt of court.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion, (Doc. No. 4), is **GRANTED IN PART** as to Fed. R. Civ. P. 12(b)(6) for failure to state a claim **AND DENIED IN PART** as to Fed. R. Civ. P. 12(b)(5) for a lack of proper service and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITH PREJUDICE**. Plaintiff is also **WARNED** not to make any further frivolous and meritless filings in this Court. If Plaintiff makes any such further

filings, the Court may impose sanctions and issue a pre-filing injunction. The Clerk is respectfully directed to **CLOSE THIS CASE.**

   **IT IS SO ORDERED.**

Frank D. Whitney
United States District Judge

Signed: October 3, 2023